IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>LUIS ALFONSO PEREZ, REFUGIO LOPEZ, NICHOLAS PEREZ-LLAANEZ, JESUS BAUTISTA-INFANTE,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER EXCLUDING TIME<br><br><br><br>Case No. 1:10-CR-124 TS |

The government moved to continue the *James* hearing set for April 18, 2011, because of the unavailability of a key government witness. For good cause and upon the stipulation of all Defendants, the Court found good cause to move the *James* hearing.

The Court notes that the Speedy Trial Act time is currently excluded due to the following pending motions. Defendant Lopez has a Motion to Suppress pending.[1] He requested that the previously scheduled hearing be vacated. He has not requested a new hearing date. Because the new trial date is fast approaching, the Court will set a hearing on that Motion to Suppress by separate notice. Until he withdrew his Motion on May 2,

---

[1] Docket No. 38.

1

2011, Defendant Lopez also had a pending Motion for a *James* hearing. That Motion was withdrawn on May 2, 2011. The other three defendants, Luis Alfonso Perez, Nicholas Perez-Llaanez, and Jesus Bautista-Infante, each have a pending motion re: the *James* Hearing. The time required for the resolution of these pending motions is excluded pursuant to 18 U.S.C. § 3161(h)(1)(D).

The Court further finds that the issue of suppression of evidence as to Defendant Lopez and the issue of the admissibility and/or use of any alleged co-conspirator statements under *James* are issues that need resolution in order for counsel for the government and for defendants Perez, Perez-LLaanez, and Bautista-Infante to be able to effectively prepare for trial. The Court finds that to have denied the motion to continue the *James* hearing and, therefore, the trial under these circumstances would have deny counsel for all of the Defendants the time necessary for effective preparation, taking into account their due diligence. As shown at the evidentiary portion of the *James* hearing, Counsel have been diligent in preparing for trial by, among other things, obtaining necessary translations. The Court further finds that the ends of justice served by determining the above issues prior to trial outweigh the interests of the Defendants and the public in a speed trial. It is therefore

ORDERED that the time from the filing of the Motions to Suppress and for a *James* Hearing to the date of a new trial continues to be excluded in computing the time within which the trial of any offense must commence pursuant to 18 U.S.C. § 3161(h)(1)(D) and (h)(7)(A) and (B)(iv).

DATED May 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge